**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 8, 2011[*]
Decided March 8, 2011

**Before**

RICHARD A. POSNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 10-2843

| | |
|---|---|
| YASER DAKHLALLAH, *Petitioner*, | Petition for Review of an Order of the Board of Immigration Appeals. |
| *v.* | No. A078 867 018 |
| ERIC H. HOLDER, JR., Attorney General of the United States, *Respondent*. | |

**O R D E R**

Yaser Dakhlallah, a native and citizen of Syria, petitions for review of an order of the Board of Immigration Appeals denying his motion to reopen removal proceedings. The Board did not abuse its discretion in denying the motion, so we deny the petition.

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

Dakhlallah entered the United States on a student visa in 2004. He failed to maintain his student status during the 2005-06 academic year, and the Department of Homeland Security commenced removal proceedings against him. Dakhlallah then applied to adjust his status based on his marriage in May 2006 to a United States citizen. But he and his wife later divorced, and she withdrew the I-130 petition (for an alien relative) that she had filed on his behalf. At a subsequent hearing, Dakhlallah suggested that he might file an I-360 petition (to classify him as a battered or abused spouse of a United States citizen), and the IJ told him that any such application would require him to be fingerprinted before the next hearing. By the time of that hearing, however, Dakhlallah had neither filed the I-360 petition nor had his fingerprints taken, so the IJ deemed all his applications abandoned and ordered him removed to Syria—his designated country of removal.

Dakhlallah appealed the IJ's decision to the Board, claiming that the IJ was biased against him because of his ethnicity, and he moved to remand, seeking the opportunity to adjust his status based on his marriage to another United States citizen. The Board dismissed Dakhlallah's appeal and denied his motion, finding that Dakhlallah's contention of bias was "baseless" and supported by "nothing in the record" and that he failed to show that his second marriage was bona fide.

Within two months of the Board's decision, Dakhlallah moved to reopen his case claiming that he had new and previously unavailable evidence that he could not safely return to Syria. He gave the Board his own affidavit stating that he had been questioned and threatened by the Syrian secret service on his last visit to Syria in the 1990s; he also supplied written statements from an aunt and uncle asserting that his family fled Syria in the 1980s because of the government's hostility to his father's political activities. He didn't present this evidence earlier, he said, because he thought he could return to Saudi Arabia, where he had lived most of his life, only to learn recently that he lacked residency rights there.

The Board denied Dakhlallah's motion to reopen because the motion relied on evidence of events that occurred in the 1990s, and Dakhlallah failed to show "that he was unable to present evidence of those events at his last hearing." The record of the earlier proceeding, the Board also noted, did not reflect that Dakhlallah expressed any fear of returning to Syria. Finally, Dakhlallah's misapprehension over his legal status in Saudi Arabia did not excuse his failure to sustain his burden of showing eligibility for reopening.

Dakhlallah's petition focuses mostly on the merits of the Board's underlying decision, and he recounts his experiences living in Syria and Saudi Arabia, the legal status of family members (he says that his father, mother, and brother are now all permanent residents in the United States), and his tumultuous first marriage. He reasserts that the IJ was biased against

him because of his ethnicity and contends that his new affidavits demonstrate the future harm that awaits him in Syria should he be removed.

But Dakhlallah filed his petition more than six months after the Board denied his appeal of the removal order, so it is too late for him to challenge that decision, *see* 8 U.S.C. § 1252(b)(1), and we are limited to reviewing the denial of his motion to reopen, *see Victor v. Holder*, 616 F.3d 705, 708 (7th Cir. 2010). We agree with the Board that Dakhlallah failed to support the motion with evidence that was not available and could not have been presented at his earlier hearings. *See* 8 C.F.R. § 1003.2(c)(1); *Joseph v. Holder*, 579 F.3d 827, 833-34 (7th Cir. 2009). Because he mounts no challenge to this ruling, the petition for review is

DENIED.